UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RODERICK JOHNSON, o/b/o E.J., a minor,**

      **Plaintiffs,**

                                  Case No.      06-11816

**v.**

                                  **HONORABLE DENISE PAGE HOOD**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation dated October 16, 2006. Neither party filed objections to the Report and Recommendation.

On April 17, 2006, Plaintiffs brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Commissioner of Social Security. The Administrative Law Judge ("ALJ") concluded that E.J.'s impairments did not meet, medically equal, or functionally equal a listed imparment. Plaintiff did not object to the ALJ's conclusion that E.J.'s impairments do not meet or medically equal a listed imparment, but contend that the ALJ erred in determining that E.J.'s imparments do not functionally equal a listed impairment.[1]

Magistrate Judge Morgan concluded that the ALJ's determination that E.J. has less than

---

[1] If a claimant's impairments do not meet or medically equal a listed impairment, the claimant may still be found to be disabled if his impairments functionally equal a listed impairment. 20 C.F.R. § 416.926a

marked limitations in the domain of attending and completing tasks cannot be upheld, as it is not supported by substantial evidence. Magistrate Judge Morgan found that the evidence in the record shows that E.J. is significantly impaired in the domain of attending and completing tasks. The Magistrate Judge further found that

> the ALJ ignored or overlooked substantial and probative evidence regarding E.J.'s difficulties in this area, relied heavily upon an internally inconsistent report in concluding that E.J. was less than markedly limited, failed to even acknowledge that E.J. had been diagnosed with ADHD [Attention Deficit Hyperactivity Disorder], and appears to have even ignored his own observations at the hearing regarding E.J.'s somewhat unusual behavior.

(R&R at 11).

Pursuant to *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994), "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." The Magistrate Judge concluded that all essential factual issues have been resolved and the record establishes that E.J. is entitled to benefits. Specifically, the Magistrate Judge found that the evidence is clearly sufficient to establish that E.J. is markedly impaired in the domain of attending and completing tasks. *See* 20 C.F.R. § 416.926a(e)(2)(i).

As discussed above, if a claimant has marked limitations in two domains, benefits are proper. *See* 20 C.F.R. § 416.926a. The ALJ found that E.J. has marked limitations in the domain of interacting and relating with others, and the Magistrate Judge found that he has marked limitations in the domain of attending and completing tasks. Accordingly, the Magistrate Judge found E.J. is entitled to SSI benefits.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge

reached correct conclusion for proper reasons. The Court notes that the Supreme Court only recognizes two kinds of remands involving social security cases–those pursuant to sentence four and those pursuant to sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence six allows the district court to remand in light of additional evidence without making any substantive ruling as to the merits of the Commissioner's decision, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. *Id.* at 100. The Sixth Circuit has long recognized that a court may only remand disability benefits cases when a claimant establishes that new material evidence is available and shows good cause for failure to incorporate such evidence into prior proceedings. *Willis v. Secretary of Health and Human Services*, 727 F.2d 551 (6th Cir. 1984).

The Court finds that the ALJ's findings were not substantially supported by the record. The matter will be remanded for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g). *Melkonyan* 501 U.S. at 99-100 (1991).

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Virginia M. Morgan **[Docket No. 13, filed October 16, 2006]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 8, filed August 11, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 12, filed September 20, 2006]** is DENIED.

IT IS FURTHER ORDERED that the Commission's decision is REVERSED and this matter is REMANDED for an award of benefits.

> s/ DENISE PAGE HOOD
> DENISE PAGE HOOD
> United States District Judge

DATED: October 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2006, by electronic and/or ordinary mail.

> S/William F. Lewis
> Case Manager

4